# IN THE COURT OF APPEALS OF IOWA

─────────────

No. 25-0297
Filed June 10, 2026

─────────────

**Molly Pumphrey, as the Executor of the Estate of Rebecca Lynn Myers, and on behalf of Jennifer Latham and Individually,**
Plaintiffs–Appellants,

v.

**Clarinda Regional Health Center; Kassandra Wolfef, PA-C, n/k/a Kassandra Mellott, PA-C; Jordon Cave, NR-P, CCP, and Ryan Fee,**
Defendants–Appellees.

─────────────

Appeal from the Iowa District Court for Page County,
The Honorable Justin R. Wyatt, Judge.

─────────────

## REVERSED AND REMANDED

─────────────

Gary G. Mattson (argued) and Chad F. Knapp of Lamarca Law Group, P.C.,
Des Moines, attorneys for appellants.

Jeff W. Wright (argued) and Zack A. Martin (until withdrawal) of Heidman
Law Firm, P.L.L.C., Sioux City, attorneys for appellees Clarinda Regional
Health Center and Kassandra Mellott, PA-C.

Michael L. Storey and Ryan P. Tunink, West Des Moines of Lamson Dugan
& Murray, LLP, attorneys for appellees Jordon Cave, NR-P, and Ryan Fee.

─────────────

Heard at oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

In April 2022, the plaintiffs sued the defendants, alleging medical malpractice caused the death of Rebecca Myers in October 2020. They filed three certificates of merit signed by experts to satisfy the requirements of Iowa Code section 147.140 (2022), but none of the certificates of merit said they were signed "under penalty of perjury" or included a jurat proving they were signed under oath. Two years later, the defendants moved for summary judgment after the Iowa Supreme Court held in *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 370 (Iowa 2024), that signed but unsworn certificates of merit do not substantially comply with section 147.140. Realizing that their lawsuit would fail under *Miller*, the plaintiffs voluntarily dismissed it without prejudice and refiled it three months later under the savings statute. *See* Iowa Code § 614.10 (2024) (allowing a plaintiff whose action fails for any cause except negligence in prosecution to continue it by refiling within six months). The defendants' pre-answer motion to dismiss argued that the second lawsuit was untimely because the savings statute did not apply. The district court agreed that the savings statute did not apply because the plaintiffs were negligent in obtaining certificates of merit that conformed with section 147.140. Because the action was untimely, the district court dismissed it. The plaintiffs appealed.

After this court heard the parties in oral argument, the supreme court directly addressed the issue on appeal in *Task v. Ahmed*, ____ N.W.3d ____, ____, 2026 WL 1500872, at *6 (Iowa 2026).[1] It held that Iowa Code

---

[1] On June 3, 2026, the appellants moved to reverse citing *Task*. *See* Iowa R. App. P. 6.1006(3) ("Any party may file a motion with the appropriate appellate court to summarily reverse the order or judgment on appeal on the grounds the result is controlled by an indistinguishable recently published decision of an appellate court . . . .").

section 614.10 "saves" medical malpractice actions that were pending when *Miller* was decided and later dismissed to remedy defects in the certificates of merit. *Task*, ____ N.W.3d at ____, 2026 WL 1500872, at *6. Because *Task* is dispositive of the issue on appeal, we reverse the dismissal of the plaintiffs' second action and remand for further proceedings.

**REVERSED AND REMANDED.**